UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GERMAINE R. RUDDICK,

    Plaintiff,

v().                                                Case No. 5:18cv44-MCR-CJK

PAMELA JO BONDI, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Germaine R. Ruddick, DC#281646, is an inmate of the Florida Department of Corrections confined at Northwest Florida Reception Center (NWFRC). (Doc. 1, p. 2). Plaintiff initiated this case on February 7, 2018, by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff is suing Florida Attorney General Pamela Jo Bondi and two prison officials at NWFRC, claiming his constitutional right of access to the courts was violated when prison staff refused to recognize as "legal mail" (and provide postage for) complaints plaintiff sought to mail to state agencies.[1] (Doc. 1, pp. 7-8 in ECF). Plaintiff also claims he was denied due process during a prison disciplinary proceeding in January 2018. (*Id*., pp. 8-9

---

[1] Plaintiff has resorted to filing complaints with state agencies, because the Florida state courts have imposed filing restrictions on him as a vexatious litigant. (Doc. 1, p. 7 in ECF).

in ECF). As relief, plaintiff seeks punitive damages and the filing of criminal charges against the defendants under 18 U.S.C. § 242. (*Id*., p. 10 in ECF).

Because plaintiff's complaint was not accompanied by the filing fee or a motion to proceed *in forma pauperis*, the undersigned entered an order on February 14, 2018, requiring plaintiff to pay the filing fee or apply to proceed *in forma pauperis*. (Doc. 3). In response, plaintiff has filed a motion to withdraw or strike that order. (Doc. 4). Plaintiff contends that he does not have to pay a filing fee or apply to proceed *in forma pauperis*, because his complaint is criminal in nature, as evidenced by his demand for punitive damages and criminal charges. (*Id*.).

Plaintiff's assertion that he is not subject to a filing fee because this is a criminal proceeding is frivolous. Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241 and 242, the criminal analogue of 42 U.S.C. § 1983. *See Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 [§§ 241–242] may be disregarded in this suit. They are criminal in nature and provide no civil remedies."); *see also Butler v. Morgan*, 562 F. App'x 832 (11th Cir. 2014) (same) (*citing Hanna*). Not only is plaintiff required to pay the civil filing fee, he was required to pay it at the time he filed his complaint, because he is subject to the "three strikes" provision of 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff's status as a three-striker is established. *See Ruddick v. Stevens*, No. 3:17cv914/LAC/EMT, 2018 WL 1354797 (N.D. Fla. Feb. 23, 2018) (magistrate

judge's report recommending dismissal of plaintiff's civil rights action pursuant to three-strikes bar and identifying qualifying cases), *adopted*, 2018 WL 1353115 (N.D. Fla. Mar. 15, 2018). The cases identified in the February 23, 2018, Report and Recommendation may be positively identified as filed by plaintiff because the pleadings (particularly the applications to proceed *in forma pauperis*) bear his name and Florida Department of Corrections' inmate number, DC#281646. *See Ruddick v. Mangonia Park Police*, Case No. 9:00-cv-9144-KLR (S.D. Fla. Apr. 23, 2001) (civil action filed by plaintiff while incarcerated; dismissed for failure to state a claim); (2) *Ruddick v. Neumann*, Case No. 9:01-cv-8247-DTKH (S.D. Fla. Aug. 28, 2001) (same); (3) *Ruddick v. State of Florida*, Case No. 1:00-cv-3724-JLK (S.D. Fla. May 10, 2001) (civil action filed by plaintiff while incarcerated; dismissed for failure to state a claim, as frivolous, and for seeking monetary relief against defendant immune from such relief; appeal also dismissed as frivolous).

As plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Plaintiff's complaint is devoid of any such allegations. (*See* Doc. 1, pp. 7-9 in ECF). Because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this suit, this case should be dismissed under § 1915(g).

Accordingly, it is ORDERED:

Plaintiff's motion to withdraw or strike order (doc. 4) is DENIED.

And it is respectfully RECOMMENDED:

1.  That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 26th day of March, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.